United States District Court
For the Northern District of California

1

2

3            IN THE UNITED STATES DISTRICT COURT

4          FOR THE NORTHERN DISTRICT OF CALIFORNIA

5

6    MATTHEW OAKDEN,                    )   No. C 05-2887 MMC (PR)
                                        )
7              Plaintiff,               )   **ORDER OF DISMISSAL WITH**
                                        )   **LEAVE TO AMEND**
8         v.                            )
                                        )
9    BLIESNER, et al.,                  )
                                        )
10             Defendants               )
     _____   )
11   _

12        Plaintiff, proceeding pro se and currently incarcerated in Pelican Bay State Prison

13   ("PBSP"), filed the above-titled civil rights action under 42 U.S.C. § 1983.  He alleges that

14   defendants, various PBSP officials, have denied his requests for a "religious diet" of only

15   uncooked foods.

16        In a separate order filed concurrently herewith, plaintiff has been granted leave to

17   proceed in forma pauperis.

18                              **DISCUSSION**

19   A.   **Standard of Review**

20        A federal court must conduct a preliminary screening in any case in which a prisoner

21   seeks redress from a governmental entity or officer or employee of a governmental entity.

22   See 28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and

23   dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be

24   granted or seek monetary relief from a defendant who is immune from such relief.  See id. §

25   1915A(b)(1),(2).  Pro se pleadings, however, must be liberally construed.  See Balistreri v.

26   Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).  To state a claim under 42 U.S.C. §

27   1983, a plaintiff must allege two essential elements: (1) that a right secured by the

28   Constitution or laws of the United States was violated and (2) that the alleged violation was

committed by a person acting under the color of state law.  See West v. Atkins, 487 U.S. 42, 48

(1988).

**B.     Legal Claim**

Inmates "have the right to be provided with food sufficient to sustain them in good

health that satisfies the dietary laws of their religion."  McElyea v. Babbitt, 833 F.2d 196, 198

(9th Cir. 1987).  Allegations that prison officials refuse to provide a healthy diet conforming

to sincere religious beliefs states a cognizable claim under § 1983 of denial of the right to

exercise religious practices and beliefs.  See Ward v. Walsh, 1 F.3d 873, 877 (9th Cir. 1993)

(discussing factors to be considered where Jewish inmate claimed denial of kosher diet).  In

order to establish such violation, a prisoner must show the defendant burdened the practice of

the prisoner's religion, by preventing him from engaging in conduct mandated by his faith,

without any justification reasonably related to legitimate penological interests.  See Freeman v.

Arpaio, 125 F.3d 732, 736 (9th Cir. 1997).  To reach the level of a constitutional violation,

"the interference with one's practice of religion 'must be more than an inconvenience; the

burden must be substantial and an interference with a tenet or belief that is central to religious

doctrine.'"  Id. at 737.  A prisoner may be inconvenienced in the practice of his or her faith,

provided such practices do not prohibit the prisoner from "participating in the mandates of his

religion."  See id.

Here, plaintiff only states he wants a "religious diet."  He does not allege the name or

nature of that religion,[1] let alone that he has a sincerely held belief in that religion or that the

religion mandates the raw-foods diet he seeks.  See Africa v. Pennsylvania, 662 F.2d 1025 (3d

Cir. 1981) (holding no constitutional violation where prison denied prisoner's request for diet

---

[1]The Ninth Circuit has applied a three-part test, devised by the Third Circuit, to guide its determination of whether a belief or movement invokes constitutionally cognizable religious interests:

> "First, a religion addresses fundamental and ultimate questions having to do with deep and imponderable matters.  Second, a religion is comprehensive in nature; it consists of a belief-system as opposed to an isolated teaching.  Third, a religion often can be recognized by the presence of certain formal and external signs."

Alvarado v. City of San Jose, 94 F.3d 1223, 1229-30 (9th Cir. 1996) (quoting Africa v. Pennsylvania, 662 F.2d 1025, 1032 (3d Cir. 1981)).

United States District Court

For the Northern District of California

of only raw foods; finding prisoner's beliefs, although sincerely held, did not constitute "religion" within First Amendment); <u>see also</u> <u>McElyea v. Babbitt</u>, 833 F.2d 196, 198 (9th Cir. 1987) (finding it appropriate for prison authorities to deny special religious diet if inmate not sincere in his religious beliefs).  Accordingly, plaintiff will be given leave to amend to allege the religion, the sincerity of his beliefs, and whether or not the requested raw-foods diet is mandated by his religion.

## CONCLUSION

1.      Plaintiff's complaint is DISMISSED WITH LEAVE TO AMEND.  Within **thirty (30) days** of the date this order is filed, plaintiff may file an AMENDED COMPLAINT correcting the deficiencies outlined above.  Plaintiff shall include in the caption both the case number of this action (No. C 05-2887 MMC (PR)), and the phrase "AMENDED COMPLAINT."

2.      **The amended complaint supersedes the initial complaint and may not incorporate by reference any parts of the original complaint; plaintiff must include in the amended complaint all the allegations and claims he wishes to present.  If plaintiff fails to timely file an amended complaint in conformity with this order, the complaint will be dismissed.**

3.      It is plaintiffs' responsibility to prosecute this case.  Plaintiff must keep the Court informed of any change of address and must comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action, pursuant to Federal Rule of Civil Procedure 41(b), for failure to prosecute.

IT IS SO ORDERED.

DATED: October 19, 2005

MAXINE M. CHESNEY
United States District Judge

**United States District Court**
For the Northern District of California

3