United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW OAKDEN,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>BLIESNER, et al.,<br><br>　　　　Defendants<br>_____ | No. C 05-2887 MMC (PR)<br><br>**ORDER TO SHOW CAUSE RE. UNSERVED DEFENDANT; DENYING APPOINTMENT OF COUNSEL**<br><br>(Docket No. 19) |

　　　　On July 15, 2005, plaintiff, proceeding pro se and currently incarcerated at Pelican Bay State Prison ("PBSP"), filed the above-titled civil rights action under 42 U.S.C. § 1983. On November 19, 2005, plaintiff was granted leave to proceed in forma pauperis, and the complaint was dismissed with leave to amend. Plaintiff thereafter amended the complaint and, on May 12, 2006, the Court ordered the United States Marshal ("Marshal") to serve the amended complaint upon defendants Chaplain Bliesner ("Bliesner"), Supervising Correctional Cook M. Gomez ("Gomez"), Correctional Counselor Somera ("Somera"), and Warden Kirkland ("Kirkland") at Pelican Bay State Prison, where plaintiff alleged all said defendants were located. See 28 U.S.C. § 1915(d) (requiring, in cases wherein plaintiff proceeds in forma pauperis, that "officers of the court shall issue and serve all process"); Fed. R. Civ. P. 4(c)(2) (requiring court to appoint Marshal to effectuate service.)

　　　　On June 27, 2006, defendants Bliesner, Gomez, and Kirkland jointly filed and served upon plaintiff a request for an extension of time, in which they indicated defendant Somera had not been served. Recently, on October 4, 2006, the Marshal returned the

summons unexecuted as to Somera.[1]

Rule 4(m) of the Federal Rules of Civil Procedure provides:

> If service and summons of a complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). As the complaint in this matter has been pending for over 120 days and service upon Somera has not been effectuated, plaintiff must show cause why Somera should not be dismissed from the action pursuant to Rule 4(m). See Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) (finding dismissal of defendant under former version of Rule 4(m) appropriate where incarcerated plaintiff, proceeding pro se and in forma pauperis, had failed to show he provided Marshal with sufficient information to serve defendant or to show he had in fact requested that defendant be served); see also Rochon v. Dawson, 828 F.2d 1107, 1110 (5th Cir. 1987) (stating incarcerated plaintiff proceeding pro se and in forma pauperis "may not remain silent and do nothing to effectuate [ ] service").

Accordingly, within **thirty (30) days** of the date this order is filed, plaintiff shall either effectuate service upon defendant Somera, provide the Court with Somera's current location, or otherwise show cause why the claims against said defendant should not be dismissed without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

Additionally, plaintiff, for a second time, has filed a request for appointment of counsel. There is no constitutional right to counsel in a civil case such as this. See Lassiter v. Dep't of Social Services, 452 U.S. 18, 25 (1981). Rather, pursuant to 28 U.S.C. § 1915, a district court has the power to "request" that counsel represent a litigant who is proceeding in forma pauperis. 28 U.S.C. § 1915(e)(1). To date, plaintiff has been able to present his claims, which do not appear to be particularly complex, in an adequate manner, and there are no exceptional circumstances warranting appointment of counsel at this time. Plaintiff shall

---

[1] The Marshal returned the summons unexecuted as to all defendants. In light of the appearances by Bliesner, Gomez and Kirkland on June 27, 2006, however, it appears service in fact was effectuated upon those three defendants.

2

1 not file any further requests for appointment of counsel; should the circumstances of the case
2 materially change, the Court may reconsider plaintiff's request *sua sponte*.
3     This order terminates Docket No. 19.
4     IT IS SO ORDERED.
5 DATED: November 2, 2006

_____
MAXINE M. CHESNEY
United States District Judge